29 C.C.P.A.(Patents)

## In re CLARK.

### Patent Appeal No. 4539.

Court of Customs and Patent Appeals.
June 15, 1942.

E. Clarkson Seward and W. Saxton Seward, both of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 13 to 18, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in "drive belting."

The alleged invention is sufficiently described in the appealed claims of which claims 13 and 18 are illustrative. They read:

"13. In a drive belt, having a body, crepe rubber formed integral therewith to prevent slipping.

"18. Drive belting comprising a body of strain-resisting material having one side thereof provided with a thin coating of crepe rubber that is intimately united by adhesion to the body, and is so thin with relation to the thickness of the body as not substantially to decrease the flexibility thereof, whereby a driving surface is provided that prevents either longitudinal or lateral slippage of the belting on its pulleys without adhesion of the belting to the surface of the pulleys against separation therefrom."

The references are: Cutler, 1,479,497, Jan. 1, 1924; Allan (British), 221,672, Sept. 18, 1924; Covey, 1,896,574, Feb. 7, 1933; Crush, 2,057,419, Oct. 13, 1936.

In rejecting the appealed claims, the Primary Examiner relied upon all of the references cited.

The patents to Covey and Cutler, which are not in the record before us, apparently relate, as stated by the tribunals of the Patent Office, to the use of crepe rubber for tires and soles of shoes, respectively. Owing to the fact, however, that we held in the case of In re Covey, 63 F.2d 982, 20 C.C.P.A., Patents, 962, that the use of crepe rubber for the tread of tires was not analogous to the use of such rubber for soles of shoes, the Board of Appeals, in its decision, stated that the Covey and Cutler patents were "improperly applied by the Primary Examiner" in his rejection of the appealed claims. The board, accordingly, relied only upon the patents to Crush and Allan.

The patent to Crush relates to a power transmission belt, and discloses a belt comprising layers of leather and canvas and a layer of rubber applied to the driving surface. The layer of rubber is vulcanized to the layer of canvas. The purpose of the layer of rubber is, as stated by the patentee, to increase the friction between the belt and the pulley and thus prevent slippage.

The British patent to Allan relates to pulley covers, and discloses a pulley cover comprising a layer of material, such as "leather, balata, canvas, wood or steel," provided with an outer layer of crepe rubber. The purpose of the crepe rubber, according to the patentee, is to "give a more flexible drive and also affording a more secure grip and so minimising any belt slip and consequent loss of power, enabling the belt to be run at less tension."

In its decision affirming the decision of the Primary Examiner, the Board of Appeals, among other things, said: "While appellant has urged that the problems arising in connection with the application of rubber to belts are different from those in connection with pulley covers, we are not convinced by this argument. We are satisfied that the application of crepe rubber coating to pulleys would suggest its use in some special case to the belt rather than the pulley over which the belt passes. We believe, therefore, that the Allan disclosure suggests the use of crepe rubber in place of the vulcanized rubber in the Crush belt."

The record contains three affidavits, two by appellant and one by Joseph O. Bayerl, secretary and treasurer of the D. & B. Machine Company Inc., New York City. I · appears therefrom that the application of a layer of crepe rubber to the driving surface of belts prevents slippage between the belt and the pulley, and that appellant's belt is an improvement over the prior art belts.

Counsel for appellant contend in their brief that although the patentee Allan used crepe rubber as a part of his pulley cover for the purpose of preventing slippage of the belt, he was not concerned with the problem of improving drive belts; that it did not occur to him that anything could be done to improve such belts; that "No amount of experimentation along the lines of Allan's disclosure would result in the discovery that crepe rubber can be applied to the surface of a belt, without reducing its flexibility, to prevent slippage of the belt around a steel pulley"; and that although the patent to Crush discloses the use of vulcanized rubber in a power transmission belt to prevent slippage, the layer of rubber disclosed by Crush is relatively thick, thus necessarily decreasing the flexibility of the belt. Counsel also point out in their brief that claims 15 to 18, inclusive, specify that the crepe rubber coating constituting the pulley engaging surface of the belt is "so thin as not substantially to decrease the flexibility of the belt," and argue that that particular limitation contained in those claims is sufficient to lend patentability thereto. Other arguments are made by counsel. However, we deem it unnecessary to relate them here.

We are in agreement with the views expressed by the tribunals of the Patent Office that the patent to Allan, in view of the patent to Crush, plainly suggests that crepe rubber might be used to cover the driving surface of a belt for the purpose of preventing slippage. Furthermore, we think that if the thickness of the vulcanized rubber layer disclosed in the patent to Crush decreased the flexibility of the belt, it would readily occur to one skilled in the art that a thin layer, particularly of crepe rubber, might be used with advantageous results.

We have given careful consideration to all of the arguments presented here by counsel for appellant, but are unable to hold that the appealed claims are patentable over the patents to Crush and Allan.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.